IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00351-PAB

WOODSIDE VILLAGE CONDOMINIUM ASSOCIATION,

    Plaintiff,

v.

NAUTILUS INSURANCE COMPANY,

    Defendant.

---

# ORDER

---

This matter is before the Court on Plaintiff's Unopposed Motion for Leave to File First Amended Complaint in Response to Order to Show Cause [Docket No. 23]. Plaintiff states that the Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 7.

Plaintiff filed this lawsuit on February 11, 2020. Docket No. 1. On March 31, 2020, the Court ordered plaintiff to show cause on or before April 10, 2020 why this case should not be dismissed due to the Court's lack of subject-matter jurisdiction. Docket No. 21 at 4. The Court found that the allegations in plaintiff's complaint were insufficient to establish subject-matter jurisdiction on the basis that (1) plaintiff's failure to specify what type of entity it is prevented the Court from determining its state of citizenship and (2) plaintiff's failure to allege defendant Nautilus Insurance Company's state of incorporation precluded the Court from determining Nautilus' citizenship. *Id.* at 2-3. Because the pleadings were insufficient to determine the parties' citizenship, the

Court could not conclude that it has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332(a), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,exclusive of interest and costs, and is between . . . citizens of different States." *Id.* at 2.

On April 10, 2020, instead of directly responding to the order to show cause, plaintiff filed a motion to amend its complaint "to demonstrate that it has met the jurisdictional requirements of 28 U.S.C. § 1332(a)." Docket No. 23 at 3. Attached to its motion is a red-lined complaint with plaintiff's proposed amendments. *See* Docket No. 23-1; *see also* Docket No. 23-2 (proposed amended complaint). Neither the motion nor the proposed amended complaint, however, remedies the deficiencies identified in the Court's first order to show cause. First, plaintiff did not specify what type of entity that it is – information which, as the Court indicated in the first order to show cause, is "critical" to the Court's jurisdictional analysis. Docket No. 21 at 2. Plaintiff also disregarded the Court's directive that, if it is organized as a corporation, as suggested by the Colorado Secretary of State's website, it must plead its principal place of business and state of incorporation. *Id.* at 3. Plaintiff's new allegation that "the parties are located in different states," *see* Docket No. 23-1 at 2, ¶ 5, is unhelpful to the Court's jurisdictional inquiry. *See* 28 U.S.C. § 1332(c)(1) (a corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

In addition, the Court noted in its order to show cause that plaintiff had failed to
2

allege defendant Nautilus' state of incorporation so as to establish Nautilus' citizenship. Docket No. 21 at 3. In its amended complaint, plaintiff has modified its allegations of Nautilus' principal place of business from Greenwich, Connecticut to Scottsdale, Arizona. Docket No. 23-1 at 2, ¶ 2. However, the amended complaint remains silent as to Nautilus' state of incorporation. *See id.*

Given plaintiff's failure to respond to any of the deficiencies identified in the Court's show cause order, the Court finds that plaintiff has failed to carry its burden of establishing subject-matter jurisdiction as a threshold matter. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." (internal quotation marks omitted)). Wherefore, it is

**ORDERED** that Plaintiff's Unopposed Motion for Leave to File First Amended Complaint in Response to Order to Show Cause [Docket No. 23] is **DENIED**. It is further

**ORDERED** that plaintiff's claims are **DISMISSED** without prejudice for lack of subject-matter jurisdiction. It is further

**ORDERED** that this case is closed.

DATED April 13, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge